# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ALEX D. RAHMI,**

    Plaintiff,

v.                                                   Civil Action No. 3:12-CV-87
                                                        (JUDGE GROH)

**SOVEREIGN BANK,**

    Defendant.

## *ROSEBORO* **NOTICE**

On October 16, 2012, the above-named Defendant filed a Motion to Dismiss [Doc. 6] the *pro se* Plaintiff's Complaint [Doc. 1] pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). The Plaintiff responded on October 29, 2012 [Doc. 10]. The Defendant filed its reply on November 8, 2012 [Doc. 13]. The Plaintiff did not receive a *Roseboro* notice.

The Court notes that the Plaintiff is proceeding *pro se*. The Court has a mandatory duty to advise the Plaintiff of his right to file responsive material, and to alert him to the fact that his failure to so respond might result in the entry of an order of dismissal against him. **Davis v. Zahradrich**, 600 F.2d 458, 460 (4th Cir. 1979); **Roseboro v. Garrison**, 528 F2d 309, 310 (4th Cir. 1975). The petitioner is so advised.

In ruling on a motion to dismiss under Rule 12(b)(1), no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See*

*Materson v. Stokes*, 166 F.R.D. 368, 371 (E.D. Va. 1996). Instead, the burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. *See* FED. R. CIV. P. 12(h)(3).

In ruling on a motion to dismiss under Rule 12(b)(2), this Court must determine whether the Court has personal jurisdiction over the parties. The plaintiff bears the burden "ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Labs, Inc. v. Azko, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir. 1986)). In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the Plaintiff's favor." *Id.*

In ruling on a motion to dismiss under Rule 12(b)(5), the Court must determine whether service of process has been sufficiently effected upon the defendants. When service of process is challenged, the plaintiff bears the burden of proving that the service of process has been performed in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See Elkins v. J.A. Broome*, 213 F.R.D. 273, 275 (M.D.

N.C. 2003). "In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.* (internal citations and quotations omitted).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. ***Advanced Health-Care Services, Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). However, the complaint must state a "'plausible claim for relief.'" ***Walters v. McMahen***, 684 F.3d 435, 439 (4th Cir. 2012) (citing ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009); ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007)). In determining whether a claim for relief is plausible, a court must examine the factual allegations presented to determine if they are sufficient "'to raise a right to relief above the speculative level.'" *Id.* (quoting ***Twombly***, 550 U.S. at 555).

The Plaintiff did not receive a *Roseboro* notice upon the filing of Defendant's Motion to Dismiss. Thus, within thirty (30) days of entry of this Order, the Plaintiff must file an Amended Response explaining why his case should not be dismissed. The Amended Response will completely supplant the Plaintiff's earlier response. The Plaintiff is further advised that he must serve the Defendant with the Amended Response upon filing. The Defendant may file an Amended Reply that must be filed and served within seven (7) days from the date of service of the Plaintiff's Amended Response.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein

and to send a copy by certified mail, return receipt requested, to the *pro se* plaintiff.

**DATED:** November 8, 2012.

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE