IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALEX RAHMI,**

    Plaintiff,

v.                                                                    **Civil Action No. 3:12-CV-87**
                                                                          **(JUDGE GROH)**

**SOVEREIGN BANK N.A.,**

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The above-styled case is presently before the Court on Defendant Sovereign Bank's Motion to Dismiss [Doc. 6]. For the following reasons the Court **GRANTS** the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

### BACKGROUND

**I. Factual Allegations**

Plaintiff, Alex Rahmi, alleges the following facts. Plaintiff was in a business for twenty-three years. Compl., ¶ 5. Defendant Sovereign Bank ("Sovereign") performed the foreclosure on Plaintiff's property. *Id.* Plaintiff alleges that the Defendant engaged in a foreclosure scheme designed and implemented to produce a lower sale price and to create lower bids to artificially inflate a deficiency judgment. Compl., ¶ 6.

Plaintiff states the "Fair Market Value" of his business real estate was assessed as $3.318 million. Defendant foreclosed on Plaintiff's business for $1.6 million, and they obtained a deficiency judgment for $1.358 million. Plaintiff states a total of $3.3 million

1

in damages, including $1.2 million for loss of real estate equity, $1.1 million for loss of business good-will, and $1 million for loss of business assets, equipment, and inventory.

## II. Procedural History

On August 31, 2012, Plaintiff Alex Rahmi filed his Complaint against Defendant Sovereign Bank. On October 16, 2012, Defendant filed its Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum of Law. On October 29, 2012, Plaintiff filed a Motion to Amend his Complaint. On October 31, 2012, the Court granted Plaintiff's Motion to file an Amended Complaint; however, Plaintiff never filed his Amended Complaint.

On October 29, 2012, Plaintiff filed its response to Defendant's Motion to Dismiss. On November 8, 2012, Defendant filed its reply. At this point, the Court had not issued a *Roseboro* Notice to the *pro se* Plaintiff. Therefore, on November 8, 2012, a *Roseboro* Notice was issued, and Plaintiff was given leave to file an amended response within thirty days. Plaintiff filed his response on November 20, 2012. Defendant filed its reply on November 27, 2012. Plaintiff filed a surreply without leave of Court on December 11, 2012.[1]

Accordingly, the motion has been fully briefed and is ripe for this Court's review.

---

[1] The local rules of this Court provide that "[p]arties shall not file surreply memoranda except by leave of court." **N.D.W. VA. R. CIV. P. 7.02(b)(4)**; ***Thomas v. Branch Banking & Trust Co.***, 443 F. Supp. 2d 806, 809 n.2 (N.D.W. Va. 2006). Here, Plaintiff did not seek leave of court to file a surreply. Accordingly, the Court disregards the Plaintiff's surreply [Doc. 18].

**DISCUSSION**

I. **Applicable Standard**

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed. Appx. 273, 280 (4th Cir. 2008) (quoting **FED. R. CIV. P. 8(a)(2)**). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." ***Id.*** (Internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

However, as this case involves a *pro se* Plaintiff, the Court holds the *pro se* Complaint to less stringent standards than formal pleadings drafted by lawyers. ***Haines v. Kerner***, 404 U.S. 519 (1972).

II. **Analysis**

3

Defendant Sovereign has moved this Court to dismiss Plaintiff Rahmi's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) and pursuant to the *Colorado River* abstention doctrine. The Court only examines the Defendant's Motion to Dismiss pursuant to 12(b)(6) as that argument is dispositive. In Defendant's motion, it argues that "[t]he Complaint fails to set forth facts to show that [Plaintiff's] claims against Sovereign are plausible; to the contrary, the Complaint reveals that his claims are purely speculative." [Doc. 7]. Defendant also points out that Plaintiff uses legal conclusions, accusing Sovereign of "abusive, fraudulent, deceptive, and unfair scheme to obtain possession and title of plaintiff's place of business." [Doc. 7].

### A. Abuse of Process: Deficiency Judgment

Plaintiff attempts to allege an abuse of process claim, stating that Defendant "engaged in a foreclosure fraudulent scheme that involved designing and implementing a plan to: (1) knowingly and intentionally to produce lower sale (buyback) price, [and] (2) create "strategically" low bid for artificially inflating deficiency judgment." [Doc. 1], p. 3.

"Generally, abuse of process consists of the willful or malicious misuse or misapplication of *lawfully issued* process to accomplish some purpose not intended or warranted by that process." Syl. Pt. 3, **Williamson v. Harden**, 585 S.E.2d 369 (W. Va. 2003) (quoting **Preiser v. MacQueen**, 352 S.E. 2d 22, 28 (W. Va. 1985); **Wayne Cnty. Bank v. Hodges**, 338 S.E.2d (W. Va. 1985)) (emphasis added). In contrasting abuse of process from malicious prosecution, the **Preiser** court noted:

[a]buse of process differs from malicious prosecution in that the gist of the tort is *not commencing an action or causing process to issue without justification*, but misusing, or

misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, *once it is issued*, is the only thing of importance. . . .

The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, willful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at any objective not legitimate in the use of the process, is required; and *there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.* The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as the threat or club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, *rather than the issuance or any formal use of the process itself*, which constitute the tort.

**Bennet v. Equitable Trust Mortg. Corp., et. al**, 3:09-CV-62, 2010 WL 342179 (N.D.W. Va., Jan. 22, 2010) (quoting **Preiser**, 352 S.E.2d at 28, n. 8) (emphasis added).

In this case, Plaintiff attempts to allege that Defendant's abuse of process occurred because "Defendant foreclosed on plaintiff's business real estate for $1.6 Million [exhibit 3], and obtaining a deficiency judgment (abuse) for $1.358 Million [Exhibit 1] against the plaintiff." [Doc. 1], p. 4. However, the Plaintiff has failed to allege any facts establishing (1) that Defendant Sovereign had an ulterior purpose in the deficiency judgment proceedings–other than the lawful purpose of obtaining a deficiency judgment–and (2) that Defendant Sovereign did some willful act in the deficiency judgment proceedings that were not proper in the regular conduct of the proceeding. Plaintiff alleges that he was damaged as a result of the foreclosure proceedings and resulting deficiency judgment, however, the mere existence of damages does not sufficiently allege an abuse of process claim. Thus, Plaintiff Rahmi has failed to allege an abuse of process claim upon which relief can be granted.

5

### B. Foreclosure Fraud

Plaintiff Rahmi also attempts to allege foreclosure fraud in his Complaint. [Doc.1], p. 1. Under Rule 9(b) of the Federal Rules of Civil Procedure, when a party alleges fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." **FED. R. CIV. P. 9(b).** The Fourth Circuit Court of Appeals has stated that "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999) (citing **5 WRIGHT & MILLER, FED. PRAC. & PROC. CIV., § 1297**, at 590 (2d ed. 1990)).

When a plaintiff seeks to establish a claim of fraud under West Virginia law, the plaintiff must prove:

> (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

*Highmark West Virginia, Inc. v. Jamie*, 655 S.E.2d 509, 515 (W. Va. 2007) (quoting Syl. Pt. 1, *Lengyel v. Lint*, 280 S.E.2d 66, 67 (W. Va. 1981) (citations omitted)).

In this case, Plaintiff Rahmi has wholly failed to allege facts stating a claim for foreclosure fraud. Plaintiff summarily states that he was "devastated financially and emotionally by the Defendant's abusive, fraudulent, deceptive, and unfair scheme to obtain possession and title of plaintiff's place of business in foreclosure proceedings." Plaintiff merely alleges legal conclusions, and he fails to state facts with particularity

6

regarding Defendant's alleged fraudulent act, that the act was material and false, and that Plaintiff justifiably relied upon it.  Plaintiff states that Defendant "engaged in a foreclosure fraudulent scheme that involved designing and implementing a plan to: (1) knowingly and intentionally to produce lower sale (buyback) price, (2) create 'strategically' low bid for artificially inflating deficiency judgment." [Doc. 1], p. 3.  Plaintiff fails to state any facts supporting these assertions, such as the "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." **Harrison**, 176 F.3d at 785.  Thus, Plaintiff has failed to allege a foreclosure fraud scheme upon which relief can be granted.

### C. Remaining Allegations

Plaintiff also summarily states that he is bringing this action "alleging violation of [his] constitutional rights under state law, abuse of process, and unfair and deceptive trade practices, and seeking declaratory relief."  First, Plaintiff entirely failed to state what, if any, violations occurred of his constitutional rights under state law.  There are simply no facts alleged that imply a violation of Plaintiff's state constitutional rights.  Second, Plaintiff also did not state any set of facts to indicate an unfair and deceptive trade practices violation.  Therefore, if Plaintiff intended to allege any remaining claims, he has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court finds the Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) should be, and hereby is, **GRANTED**.

Accordingly, the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and pro se parties herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

**DATED**: February 1, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE