IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALEX RAHMI**

    Plaintiff,

v.                                              CIVIL ACTION NO. 3:12-CV-87
                                                    (JUDGE GROH)

**SOVEREIGN BANK, N.A.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND FEBRUARY 1, 2013 ORDER

### I. Introduction

On February 28, 2013, Plaintiff filed a "Motion to Amend February 1, 2013 Order" [Doc. 22]. Upon review of Plaintiff's motion and Defendant's response and for the following reasons, the Court **DENIES** Plaintiff's "Motion to Amend February 1, 2013 Order.

### II. Facts and Procedural History

On August 31, 2012, Plaintiff Alex Rahmi filed his Complaint against Defendant Sovereign Bank. In his Complaint, Plaintiff alleged the following facts. Plaintiff was in a business for twenty-three years. Compl., ¶ 5. Defendant Sovereign Bank ("Sovereign") performed the foreclosure on Plaintiff's property. *Id.* Plaintiff alleged that the Defendant engaged in a foreclosure scheme designed and implemented to produce a lower sale price and to create lower bids to artificially inflate a deficiency judgment. Compl., ¶ 6.

Plaintiff stated the "Fair Market Value" of his business real estate was assessed

1

as $3.318 million. Defendant foreclosed on Plaintiff's business for $1.6 million, and they obtained a deficiency judgment for $1.358 million. Plaintiff stated a total of $3.3 million in damages, including $1.2 million for loss of real estate equity, $1.1 million for loss of business good-will, and $1 million for loss of business assets, equipment, and inventory.

On October 16, 2012, Defendant filed its Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum of Law. On October 29, 2012, Plaintiff filed a Motion to Amend his Complaint. On October 31, 2012, the Court granted Plaintiff's Motion to file an Amended Complaint; however, Plaintiff never filed his Amended Complaint.

On October 29, 2012, Plaintiff filed its response to Defendant's Motion to Dismiss. On November 8, 2012, Defendant filed its reply. At this point, the Court had not issued a *Roseboro* Notice to the *pro se* Plaintiff. Therefore, on November 8, 2012, a *Roseboro* Notice was issued, and Plaintiff was given leave to file an amended response within thirty days. Plaintiff filed his response on November 20, 2012. Defendant filed its reply on November 27, 2012. Plaintiff filed a surreply without leave of Court on December 11, 2012. The Court disregarded the Plaintiff's surreply because the local rules require leave of court for parties to file surreply memoranda. Upon reviewing the parties' memoranda, the Court granted the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) on February 1, 2013.

On February 28, 2013, Plaintiff filed a "Motion to Amend February 1, 2013 Order." On March 13, 2013, Defendant filed a response to Plaintiff's motion. Plaintiff filed his reply on March 27, 2013. Pursuant to Local Rule of Civil Procedure 7.02(b)(2), "[e]xcept for replies to responses to motions for summary judgment, replies shall be filed and served within seven (7) days from the date of service of the response to the

motion." Defendant served his response by First Class U.S. mail, postage prepaid, on March 13, 2013. Plaintiff was required to file his reply by March 20, 2013, and he did not seek leave of court to file a late reply. Therefore, the Court must disregard Plaintiff's late reply. Accordingly, Plaintiff's motion is ripe for this Court's review.

### III. Discussion

Plaintiff filed his "Motion to Amend February 1, 2013 Order" pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment. *See* **FED. R. CIV. P. 59(e)**.

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of the law or prevent manifest injustice. *See* **Gagliano v. Reliance Standard Life Ins. Co.**, 547 F. 3d 230, 241 n. 8 (4th Cir. 2008). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." **Pac Ins. Co. v. Am. Nat'l Fire Ins. Co.**, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). If a party attempts to present newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and

3

quotation marks omitted).

In this case, Plaintiff filed his motion within twenty-eight days of the entry of judgment as the judgment was entered on February 1, 2013 and his motion was filed on February 28, 2013. Therefore, Plaintiff's motion is timely under Rule 59(e).

Although a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is committed to the discretion of the Court, as outlined earlier, the Fourth Circuit has recognized only three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co.*, 148 F.3d at 402-03. Plaintiff has not cited any specific ground to amend this Court's judgment. However, the Court categorizes Plaintiff's arguments as seeking an amended judgment (1) to account for new evidence not available at trial and (2) to correct a clear error of law or prevent manifest injustice. There has been no intervening change in the law since entry of this Court's February 1, 2013 Order, and Plaintiff has not alleged an intervening change in law. Defendant argues in its response that no grounds exist for granting Plaintiff's motion pursuant to Rule 59(e).

### a. Newly Discovered Evidence

Plaintiff has two new allegations:(1) "[d]uring September 1, 2012 hearing, at the U.S. District Court in Martinsburg, Mr. Michael Nord, Sovereign Bank's Attorney outlined his plans to Mr. Harry Readshaw [GMAC's attorney] for obtaining a deficiency Judgment and going after Alex Rahmi's remaining assets, During the Court Recess. (with Alex Rahmi present)." and (2) references to Sovereign Bank's counsel's request to obtain his

deposition on or about January 15, 2011. [Doc. 22].

In the Fourth Circuit, the standard governing relief on the basis of newly discovered evidence under Rule 59 requires that a party demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citations omitted). Plaintiff fails to demonstrate even one of these five factors. Plaintiff does not contend that the report is "newly discovered evidence." In fact, Plaintiff has not alleged that the newly alleged facts could not have, with reasonable diligence, discovered and produced such evidence in his first Complaint. Plaintiff's recently alleged facts occured in 2010 and 2011–at least a year before he filed the Complaint in this Court. Plaintiff knew the events in 2010 and 2011 had taken place because he was allegedly present when the September 1, 2010 discussion took place and the January 15, 2011 request to take his deposition was made to him. "Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law." *Quillin v. C.B. Fleet Holding Co., Inc.*, 328 Fed. Appx. 195, 203 (4th Cir. 2009) (quoting *Boryan*, 884 F.2d at 771). Plaintiff failed to meet his burden or even to meaningfully address the *Boryan* standard. Plaintiff has not shown that newly alleged facts were not available to him at the time he filed his Complaint or at any time prior to the Court's issuance of its February 1, 2013 Order. Accordingly, Plaintiff has not carried his burden to show that his newly alleged factual allegations could be considered.

5

### b.  Correct a Clear Error of Law or Prevent a Manifest Injustice

A Rule 59(e) motion "is not intended to allow for reargument of the very issues that the court has previously decided." **DeLong v. Thompson**, 790 F. Supp. 594, 618 (E.D. Va. 1991), *aff'd*, 985 F.2d 553 (4th Cir. 1993) (unpublished).  A party may not "raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." **Pac. Ins. Co.**, 148 F.3d at 403.

In this case, Plaintiff states he is requesting the Court to alter its Judgment, but he does not state that the Court erred in dismissing his Complaint pursuant to Rule 12(b)(6) for failure to state a claim.  In fact, Plaintiff does not cite any errors in the Court's Order or its analysis.  Upon examining Plaintiff's arguments, he has failed to demonstrate that this Court committed a clear error of law or that the judgment would effect manifest injustice on the moving party.  Because Plaintiff has failed to satisfy any of the three permissible grounds upon which a Rule 59(e) motion may be established, the Court **DENIES** Plaintiff's "Motion to Amend February 1, 2013 Order" under Rule 59(e).

### IV.  Conclusion

Accordingly, the Court **DENIES** Plaintiff's "Motion to Amend February 1, 2013 Order" [Doc. 22].

The Clerk is directed to mail a certified copy of this Order to all counsel of record and the *pro se* Plaintiff.

6

**DATED:** March 28, 2013

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE