IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALEX RAHMI**

    Plaintiff,

v.                                                    CIVIL ACTION NO. 3:12-CV-87
                                                       (JUDGE GROH)

**SOVEREIGN BANK, N.A.,**

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND FEBRUARY 1, 2013 ORDER**

    On April 10, Plaintiff filed a "Motion to Amend and Alter the Memorandum Opinion dated Feb 28, 2013." [Doc. 27]  Upon review of Plaintiff's motion, the Court finds that it should be **DENIED**.

**I. Facts and Procedural History**

    On August 31, 2012, Plaintiff Alex Rahmi filed his Complaint against Defendant Sovereign Bank.  In his Complaint, Plaintiff alleged the following facts.  Plaintiff was in a business for twenty-three years.  Defendant Sovereign Bank ("Sovereign") performed the foreclosure on Plaintiff's property.  Plaintiff alleged that the Defendant engaged in a foreclosure scheme designed and implemented to produce a lower sale price and to create lower bids to artificially inflate a deficiency judgment.

    Plaintiff stated the "Fair Market Value" of his business real estate was assessed as $3.318 million.  Defendant foreclosed on Plaintiff's business for $1.6 million, and they

1

obtained a deficiency judgment for $1.358 million. Plaintiff stated a total of $3.3 million in damages, including $1.2 million for loss of real estate equity, $1.1 million for loss of business good-will, and $1 million for loss of business assets, equipment, and inventory.

On October 16, 2012, Defendant filed its Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum of Law. On October 29, 2012, Plaintiff filed a Motion to Amend his Complaint. On October 31, 2012, the Court granted Plaintiff's Motion to file an Amended Complaint; however, Plaintiff never filed his Amended Complaint.

On October 29, 2012, Plaintiff filed its response to Defendant's Motion to Dismiss. On November 8, 2012, Defendant filed its reply. At this point, the Court had not issued a *Roseboro* Notice to the *pro se* Plaintiff. Therefore, on November 8, 2012, a *Roseboro* Notice was issued, and Plaintiff was given leave to file an amended response within thirty days. Plaintiff filed his response on November 20, 2012. Defendant filed its reply on November 27, 2012. Plaintiff filed a surreply without leave of Court on December 11, 2012. The Court disregarded the Plaintiff's surreply because the local rules require leave of court for parties to file surreply memoranda. Upon reviewing the parties' memoranda, the Court granted the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) on February 1, 2013.

On February 28, 2013, Plaintiff filed a "Motion to Amend February 1, 2013 Order." This Court denied the Plaintiff's First Motion to Amend because he failed to satisfy the requirements under Federal Rule of Civil Procedure 59(e). Plaintiff's first motion to alter or amend the judgment simply attempted to "relitigate old matters." *See* **Pac Ins. Co. v. Am. Nat'l Fire Ins. Co.**, 148 F.3d 396, 403 (4th Cir. 1998) ( A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to entry of judgment."). Indeed, Plaintiff failed to rely on an intervening change in controlling law, to account for new evidence not available at the time the Court entered its February 1, 2013 Order, or to correct a clear error of the law or prevent manifest injustice. See **Gagliano v. Reliance Standard Life Ins. Co.**, 547 F. 3d 230, 241 n. 8 (4th Cir. 2008).

## II. Discussion

Plaintiff has now filed a second "Motion to Amend and Alter the Memorandum Opinion dated Feb 28, 2013." This Court did not enter an Order dated February 28, 2013. Therefore, the Court is assuming that Plaintiff seeks reconsideration of either the Court's February 1, 2013 Order granting Defendant's motion to dismiss or the Court's March 28, 2013 Order denying Plaintiff's first motion for reconsideration. In either situation, Plaintiff has failed to meet his burden under Federal Rule of Civil Procedure 59(e). First, Plaintiff has not pointed to an intervening change in controlling law. Second, Plaintiff has not to accounted for new evidence not available at the time the Court entered its February 1, 2013 Order or at the time the Court entered its March 28, 2013 Order. Last, Plaintiff has not argued that the Court must reconsider its Order to correct a clear error of the law or to prevent manifest injustice.

Plaintiff relies on Federal Rule of Civil Procedure 59(e) in his second motion for reconsideration. However, if Plaintiff is moving to amend or alter the Court's February 1, 2013 judgment, then the second motion for reconsideration is untimely as it was filed later than twenty-eight days after the entry of the judgment *and* the first motion for reconsideration brought pursuant to Rule 59(e) was denied by the Court in its March 28,

2013 Order. Also, if Plaintiff is moving to amend or alter the Court's March 28, 2013 Order, then Plaintiff is seeking relief from an Order under Rule 60(b). Therefore, the Court will also analyze Plaintiff's current motion under Rule 60 of the Federal Rules of Civil Procedure.

Before a party may seek relief under Rule 60(b), a party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." ***Dowell v. State Farm Fire & Cas. Auto. Ins. Co.***, 993 F.2d 46, 48 (4th Cir. 1993) (quoting ***Werner v. Carbo***, 731 F.2d 204, 207 (4th Cir. 1984)). After a party has satisfied the initial inquiry, the moving party must demonstrate at least one of the six listed grounds in Rule 60(b). ***Werner***, 731 F.2d at 207. Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The moving party "must clearly establish the grounds therefor to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." ***In re Burnley***, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

4

In this case, Plaintiff has failed to satisfy his burden under Rule 60. Plaintiff has not relied on any of the enumerated provisions in Rule 60. As discussed above, Plaintiff failed to provide any newly discovered evidence that, with reasonable diligence, could not have been provided earlier. Plaintiff also fails to point to any mistake, inadvertence, surprise, or excusable neglect. Therefore, Plaintiff's "Motion to Amend and Alter the Memorandum Opinion dated Feb 28, 2013" is wholly inadequate.

The Court acknowledges that Plaintiff is proceeding *pro se.* However, the Court cautions Plaintiff that Rule 11 of the Federal Rules of Civil Procedure still applies to him and his filings. See **Vukadinovich v. McCarthy**, 901 F.2d 1439, 1445 (7th Cir. 1990) ("Status as a *pro se* litigant may be taken into account, but sanctions can be imposed for any suit that is frivolous."); **Farguson v. Mbank Houston, N.A.**, 808 F.2d 358, 359 (5th Cir. 1986) (A party's *pro se* status does not serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contents are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**FED. R. CIV. P. 11(b)**.  If the Court determines, after notice and a reasonable opportunity to respond, that "Rule 11(b) has been violated, the Court may impose an appropriate sanction on . . . [a] party that violated the rule . . . ." **FED. R. CIV. P. 11(c)(1)**. Additionally, the Court may order a party to show cause why his or her conduct has not violated Rule 11(b).  **FED. R. CIV. P. 11(c)(3)**.  However, the Court declines to address the appropriateness of sanctions at this point.

### III.  Conclusion

Accordingly, the Court **DENIES** Plaintiff's "Motion to Amend and Alter the Memorandum Opinion dated Feb 28, 2013." [Doc. 27].

The Clerk is directed to mail a copy of this Order to all counsel of record and the *pro se* Plaintiff.

**DATED:** April 12, 2013

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE