**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ALEX RAHMI**

      Plaintiff,

**v.**                                           **CIVIL ACTION NO. 3:12-CV-87
(JUDGE GROH)**

**SOVEREIGN BANK, N.A.,**

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S THIRD MOTION TO
AMEND AND ALTER ORDER AND ORDERING PLAINTIFF TO SHOW CAUSE**

On May 3, 2013, Plaintiff filed a "Motion to Amend and Alter the Memorandum Opinion Dated April 12, 2013" [Doc. 30]. Upon review of Plaintiff's motion, the Court finds that it should be **DENIED**.

## I.  Facts and Procedural History

On August 31, 2012, Plaintiff Alex Rahmi filed his Complaint against Defendant Sovereign Bank. In his Complaint, Plaintiff alleged the following facts. Plaintiff was in a business for twenty-three years. Defendant Sovereign Bank ("Sovereign") performed the foreclosure on Plaintiff's property. Plaintiff alleged that the Defendant engaged in a foreclosure scheme designed and implemented to produce a lower sale price and to create lower bids to artificially inflate a deficiency judgment.

Plaintiff stated the "Fair Market Value" of his business real estate was assessed as $3.318 million. Defendant foreclosed on Plaintiff's business for $1.6 million, and they

1

obtained a deficiency judgment for $1.358 million.  Plaintiff stated a total of $3.3 million

in damages, including $1.2 million for loss of real estate equity, $1.1 million for loss of

business good-will, and $1 million for loss of business assets, equipment, and inventory.

On October 16, 2012, Defendant filed its Motion to Dismiss Plaintiff's Complaint

and accompanying Memorandum of Law.  On October 29, 2012, Plaintiff filed a Motion

to Amend his Complaint.  On October 31, 2012, the Court granted Plaintiff's Motion to

file an Amended Complaint; however, Plaintiff never filed his Amended Complaint.

On October 29, 2012, Plaintiff filed its response to Defendant's Motion to

Dismiss.  On November 8, 2012, Defendant filed its reply.  At this point, the Court had

not issued a *Roseboro* Notice to the *pro se* Plaintiff.  Therefore, on November 8, 2012, a

*Roseboro* Notice was issued, and Plaintiff was given leave to file an amended response

within thirty days.  Plaintiff filed his response on November 20, 2012.  Defendant filed its

reply on November 27, 2012.  Plaintiff filed a surreply without leave of Court on

December 11, 2012.  The Court disregarded the Plaintiff's surreply because the local

rules require leave of court for parties to file surreply memoranda.  Upon reviewing the

parties' memoranda, the Court granted the Defendant's Motion to Dismiss pursuant to

Rule 12(b)(6) on February 1, 2013.

On February 28, 2013, Plaintiff filed a "Motion to Amend February 1, 2013

Order."  On March 28, 2013, this Court denied Plaintiff's first Motion to Amend because

he failed to satisfy the requirements under Federal Rule of Civil Procedure 59(e).

Plaintiff's first motion to alter or amend the judgment simply attempted to "relitigate old

matters."  *See* **Pac Ins. Co. v. Am. Nat'l Fire Ins. Co.**, 148 F.3d 396, 403 (4th Cir.

1998) ( A Rule 59(e) motion "may not be used to relitigate old matters, or to raise

arguments or present evidence that could have been raised prior to entry of judgment."). Indeed, Plaintiff failed to rely on an intervening change in controlling law, to account for new evidence not available at the time the Court entered its February 1, 2013 Order, or to correct a clear error of the law or prevent manifest injustice.  *See **Gagliano v. Reliance Standard Life Ins. Co.**, 547 F. 3d 230, 241 n. 8 (4th Cir. 2008).

On April 10, 2013, Plaintiff filed a second motion requesting the Court to alter or amend its previous judgment.  Again, the Court denied Plaintiff's motion because he failed to satisfy the requirements under Rules 59 or 60 of the Federal Rules of Civil Procedure.  The Court also explained Rule 11 of the Federal Rules of Civil Procedure and cautioned the *pro se* Plaintiff that it applies to him and his filings.

## II.  Discussion

Plaintiff has filed a *third* Motion to Amend and Alter this Court's previous Memorandum Opinion and Order dismissing his Complaint pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).   Once again, Plaintiff has failed to meet his burden under Federal Rule of Civil Procedure 59(e).  First, Plaintiff has not pointed to an intervening change in controlling law.  Second, Plaintiff has not accounted for new evidence not available at the time the Court entered the February 1, 2013 Order, the March 28, 2013 Order, or the April 12, 2013 Order.

However, Plaintiff argues that the Court must reconsider its Order to prevent a manifest injustice.  A Rule 59(e) motion "is not intended to allow for reargument of the very issues that the court has previously decided."  ***DeLong v. Thompson***, 790 F. Supp. 594, 618 (E.D. Va. 1991), *aff'd,* 985 F.2d 553 (4th Cir. 1993) (unpublished).  A

party may not "raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." ***Pac. Ins. Co.***, 148 F.3d at 403. Additionally, "[i]t is improper to use such a motion to ask the court to rethink what the court has already thought through–rightly or wrongly." ***Kartman v. Markle***, 2012 WL 4757945, *4 (N.D.W. Va. Oct. 5, 2012) (citations omitted).  Plaintiff is simply asking this Court to reconsider its decision because it "should have granted [his] Motion on its Merits." ([Doc. 30], p. 6).  The Court does not find a manifest injustice.  Plaintiff is simply unhappy with this Court's previous ruling.

Similarly, Plaintiff's motion fails under Rule 60(b).  Before a party may seek relief under Rule 60(b), a party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." ***Dowell v. State Farm Fire & Cas. Auto. Ins. Co.***, 993 F.2d 46, 48 (4th Cir. 1993) (quoting ***Werner v. Carbo***, 731 F.2d 204, 207 (4th Cir. 1984)).  After a party has satisfied the initial inquiry, the moving party must demonstrate at least one of the six listed grounds in Rule 60(b). ***Werner***, 731 F.2d at 207.  Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is

4

> based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  The moving party "must clearly establish the grounds therefor to

the satisfaction of the district court," and those grounds "must be clearly substantiated

by adequate proof."  *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

As an initial manner, Plaintiff has not met the initial requirements of timeliness, a

meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional

circumstances.  Even assuming Plaintiff met the threshold requirements, Plaintiff has

failed to prove a proper ground for relief under Rule 60(b).  Plaintiff now relies on Rule

60(b)(3) and requests the Court to reconsider its previous judgment due to fraud,

misrepresentation, or misconduct by an opposing party.  Plaintiff does not point to any

alleged fraud, misrepresentation, or misconduct by Sovereign Bank that would

necessitate the Court to amend or alter its judgment.  Plaintiff does not allege any fraud

upon the Court. Therefore, Plaintiff "did not establish misconduct by clear and

convincing evidence or show that he was prevented from presenting his case." *United

States v. Dias*, 389 Fed. Appx. 222, 222 (4th Cir. 2010) (citation omitted).

The Court acknowledges that Plaintiff is proceeding *pro se*.  However, Rule 11 of

the Federal Rules of Civil Procedure still applies to him and his filings.  *See

Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) ("Status as a *pro se*

litigant may be taken into account, but sanctions can be imposed for any suit that is

frivolous."); *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (A

party's *pro se* status does not serve as an "impenetrable shield, for one acting *pro se*

5

has no license to harass others, clog the judicial machinery with meritless litigation, and

abuse already overloaded court dockets."). Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contents are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**FED. R. CIV. P. 11(b)** (emphasis added).  If the Court determines, after notice and a

reasonable opportunity to respond, that "Rule 11(b) has been violated, the Court may

impose an appropriate sanction on . . . [a] party that violated the rule . . . ." **FED. R. CIV.**

**P. 11(c)(1)**.  Additionally, the Court may order a party to show cause why his or her

conduct has not violated Rule 11(b).  **FED. R. CIV. P. 11(c)(3)**.

The Court, in its March 28, 2013 Order, cautioned Plaintiff that Rule 11's

requirements regarding frivolous pleadings equally applies to him even though he is

unrepresented.  This is Plaintiff's *third* motion for the Court to alter or amend its previous

judgment.  The Court has denied all three motions because Plaintiff failed to meet the

requirements of Federal Rules of Civil Procedure 59 and 60.  Therefore, Plaintiff **SHALL**

show cause that he has complied with Rule 11(b) of the Federal Rules of Civil

Procedure within **FOURTEEN DAYS** of Plaintiff's receipt of this Order.  Failure to do so may result in sanctions by this Court.

### III.  Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion to Amend or Alter the Court's Memorandum Opinion [Doc. 30] and **ORDERS** Plaintiff to show cause that he complied with Rule 11(b) of the Federal Rules of Civil Procedure.

The Clerk is directed to mail a copy of this Order to all counsel of record and the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** May 13, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE